UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, CHICAGO
REGIONAL COUNCIL OF CARPENTERS
WELFARE FUND, CHICAGO AND
NORTHEAST ILLINOIS REGIONAL COUNCIL
OF CARPENTERS APPRENTICE AND
TRAINEE PROGRAM and
LABOR/MANAGEMENT UNION CARPENTRY
COOPERATION PROMOTION FUND,

       Plaintiffs,

 v.

CONVEYOR MAINTENANCE & ERECTION
CO., a Pennsylvania corporation,

       Defendant.

## COMPLAINT

  Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter collectively the "Trust Funds"), by their attorney Kevin P. McJessy, complain of Defendant CONVEYOR MAINTENANCE & ERECTION CO., a Pennsylvania corporation ("Defendant") as follows.

### SUMMARY OF THIS ACTION

  1. The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to produce books and records to the Trust Funds or their designated auditors,

Legacy Professionals, LLP ("Legacy Professionals") for an accurate audit of Defendant's fringe benefit contributions for the period January 1, 2015 through the present ("Audit Period"). The Trust Funds seek production of books and records from Defendant for an audit of Defendant's fringe benefit contributions due for the Audit Period and payment of all unpaid fringe benefit contributions, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans. (29 U.S.C. §1002).

5. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7.      **Defendant CONVEYOR MAINTENANCE & ERECTION CO.**  Defendant CONVEYOR MAINTENANCE & ERECTION CO. is a Pennsylvania corporation engaged in an industry affecting commerce.

8.      Defendant CONVEYOR MAINTENANCE & ERECTION CO. signed a Memorandum of Agreement ("Agreement") with the Union on April 17, 1991.

9.      Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds.  A copy of the Agreement is attached as Exhibit A.

10.     The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

11.     The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

12.     The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

13.     The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

14. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

15. The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16. At the Trust Funds' direction, the independent auditing firm Legacy Professionals attempted to conduct an audit of Defendant's books and records encompassing the Audit Period.

17. Defendant failed to comply with Legacy Professionals' and the Trust Funds' demands that Defendant produce records for the audit of Defendant's fringe benefit contributions to the Trust Funds for the Audit Period.

## **COUNT I**

18. The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to complete an accurate audit of Defendant's contributions to the Pension Fund after the Pension Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Pension Fund for the Audit Period.

20. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21. The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

    A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

    B. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

    C. to pay interest on the amount that is due;

    D. to pay interest or liquidated damages on the amount that is due;

    E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

    F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## **COUNT II**

26. The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to complete an accurate audit of Defendant's contributions to the Welfare Fund after the Welfare Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Welfare Fund for the Audit Period.

28. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

29. The Welfare Fund has complied with all conditions precedent in bringing this suit.

30. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

31. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

32. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

33. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

34. The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to complete an accurate audit of Defendant's contributions to the Trainee Fund after the Trainee Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Trainee Fund for the Audit Period.

36. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37. The Trainee Fund has complied with all conditions precedent in bringing this suit.

38. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

    A.    to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

    B.    to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

    C.    to pay interest on the amount that is due;

    D.    to pay interest or liquidated damages on the amount that is due;

E.      to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

F.      to pay auditors' fees incurred to establish the amount due; and

G.      to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

42. The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor/Management Fund to complete an accurate audit of Defendant's contributions to the Labor/Management after the Labor/Management or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Labor/Management Fund for the Audit Period.

44. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit..

47. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND *et al.*


By:  s/ Kevin P. McJessy
    One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# Exhibit A

4-29-11

# AGREEMENT

FIRM _Conveyor Maintenance + Erection_ Address _350 Vista Park Dr._

City _Pittsburgh_ State _PA_ Zip _15205_ Phone _412 7875810_

THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE MC HENRY AND WILL COUNTIES, ILLINOIS, hereinafter sometimes referred to as the "UNION" and

_Conveyor Maintenance + Erection Inc._
hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1. EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2. EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 3 hereof and all rules and regulation adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3. EMPLOYER and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

4.  EMPLOYER and the UNION hereby agree to be bound by the Area Agreements negotiated between the Chicago and Northeast Illinois District Council of Carpenters and the various Employer Associations for the period beginning with the expiration date of the several Agreements referred to in numbered paragraph 3 thereof and ending on the expiration dates of any sucessor Agreements thereto from year to year thereafter unless the Employer gives written notice to the UNION of a desire to amend or terminate any of such Agreements at least three calendar months prior to the expiration of such Agreement or Agreements.

IN WITNESS WHEREOF, the parties have executed this Agreement the _____ day of _____, 19____.

EMPLOYER: _____ CHICAGO AND NORTHEAST ILLINOIS
                                    DISTRICT COUNCIL OF CARPENTERS

BY: _JOSEPH M. CASTEEL  PRES_
    (Print or Type Name)   (Title)

_____        _____
   (Signatures)                   Business Representative

page 2 of 2